JJD:JAM
F. #2017R01195

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 28 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | S U P E R S E D I N G<br>I N D I C T M E N T |
| - against - | Cr. No. <u>17-690 (S-1) (JS)</u> |
| ZOOBIA SHAHNAZ, | (T. 18, U.S.C., §§ 981(a)(1)(C),<br>981(a)(1)(G), 982(a)(1), 982(a)(2), 1344,<br>1956(a)(2)(A), 1956(a)(2)(B)(i),<br>1956(a)(2)(B)(ii), 1956(h), 2339B(a)(1), 2<br>and 3551 <u>et seq.</u>; T. 21, U.S.C., § 853(p);<br>T. 28, U.S.C., § 2461(c)) |
| Defendant. | |

- - - - - - - - - - - X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Attempt to Provide Material Support to a Foreign Terrorist Organization)

1.  In or about and between August 2015 and December 2017, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ZOOBIA SHAHNAZ, together with others, did knowingly and intentionally attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including personnel, including herself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and al-Sham (hereinafter "ISIS"), which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, knowing that

the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT TWO
(Bank Fraud)

2. In or about and between March 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZOOBIA SHAHNAZ, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, to wit: American Express Bank, Chase Bank, Discover Bank and TD Bank (collectively, "the financial institutions"), the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain money and funds under the custody and control of such financial institutions by means of materially false and fraudulent pretenses, representations, and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Commit Money Laundering)

3. In or about and between March 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZOOBIA SHAHNAZ, together with others, did knowingly and intentionally conspire to transport, transmit and transfer funds from a place in the United States to and through one or more places outside the United States, to wit: Pakistan, China and Turkey,

with the intent to promote the carrying on of a specified unlawful activity, to wit: providing material support to a foreign terrorist organization, to wit: ISIS, in violation of Title 18, United States Code, Section 2339B, and knowing that the funds involved in the transportation, transmission, and transfer would represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer would be designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under State and Federal law, contrary to Title 18, United States Code, Sections 1956(a)(2)(A), 1956(a)(2)(B)(i) and 1956(a)(2)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FOUR
(Money Laundering to Support a Foreign Terrorist Organization)

4. In or about and between March 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZOOBIA SHAHNAZ, together with others, did knowingly and intentionally transport, transmit and transfer and attempt to transport, transmit and transfer funds, to wit: United States currency, from a place in the United States to and through one or more places outside the United States, to wit: Pakistan, China and Turkey, with the intent to promote the carrying on of a specified unlawful activity, to wit: providing material support to a foreign terrorist organization, to wit: ISIS, in violation of Title 18, United States Code, Section 2339B.

(Title 18, United States Code, Sections 1956(a)(2)(A), 2 and 3551 et seq.)

### COUNT FIVE
(Money Laundering to Conceal Proceeds of Unlawful Activity)

5. In or about and between March 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZOOBIA SHAHNAZ, together with others, did knowingly and intentionally transport, transmit and transfer and attempt to transport, transmit and transfer funds, to wit: United States currency, from a place in the United States to and through one or more places outside the United States, to wit: Pakistan, China and Turkey, knowing that the funds involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, to wit: bank fraud, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1956(a)(2)(B)(i), 2 and 3551 et seq.)

### COUNT SIX
(Money Laundering to Avoid Transaction Reporting Requirements)

6. In or about and between March 2017 and August 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZOOBIA SHAHNAZ, together with others, did knowingly and intentionally transport, transmit and transfer and attempt to transport, transmit and transfer funds, to wit: United States currency, from a place in the United States to and through one or more places outside the United States, to wit: Pakistan, China and Turkey, knowing that the funds involved in the transportation represented the proceeds of some form of unlawful activity and

5

knowing that such transportation was designed in whole and in part to avoid a transaction reporting requirements under State and Federal law.

(Title 18, United States Code, Sections 1956(a)(2)(B)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

7. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count One, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any property, real or personal, constituting or derived from proceeds traceable to such offense; and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism against any international organization or against any foreign government.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

9. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property.

10. If any of the above-described property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred, or sold to or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(2); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS THREE THROUGH SIX

11. The United States hereby gives notice to the defendant that, upon her conviction of any of the offenses charged in Counts Three through Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires the forfeiture of any property, real or personal, involved in such offenses, or any property traceable to such property.

12. If any of the above-described property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred, or sold to or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2016R01828

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ZOOBIA SHAHNAZ,

Defendant.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 981(a)(1)(G), 982(a)(1), 982(a)(2),1344, 1956(a)(2)(A), 1956(a)(2)(B)(i),1956(a)(2)(B)(ii), 1956(h), 2339B(a)(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

*Caitlin Ragione*
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Artie McConnell, Assistant U.S. Attorney (631) 715-7825*